UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENT SIMMONS,

    Plaintiff,

v.                                              CASE NO. 8:19-cv-1958-T-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision regarding his application for supplemental security income ("SSI"), in which Plaintiff alleged disability beginning January 12, 2015.  Following two administrative hearings held on February 28, 2018 and September 12, 2018, the assigned Administrative Law Judge ("ALJ") issued a decision on September 19, 2018, finding Plaintiff not disabled since September 14, 2015, the date the SSI application was filed.  (Tr. 7-17, 28-86.)

In reaching the decision, the ALJ found that Plaintiff had the following severe impairments: avascular necrosis of the bilateral hips, status post left total hip arthroplasty, left hip trochanteric bursitis, right knee patellofemoral chondrosis, and carpal tunnel syndrome.  (Tr. 12.)  The ALJ further found that

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 16.)

Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work.[2] (Tr. 13.) Then, after determining that Plaintiff was unable to perform any past relevant work, at the fifth and final step of the sequential evaluation process,[3] the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 15-17.)

Plaintiff is appealing the Commissioner's decision that he was not disabled since September 14, 2015. Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision is **REVERSED and REMANDED**.

---

[2] Specifically, the ALJ found that Plaintiff could perform light work except:
[H]e can sit no more than 1 hour at a time, stand for 4 hours total in an 8-hour workday up to 1 hour at a time, and walk 1 hour total in an 8-hour workday up to 30 minutes at a time. The claimant may use a handheld assistive device for ambulation. The claimant can no more than frequently reach overhead with the bilateral upper extremities and no more than occasionally push and pull with the bilateral upper extremities. The claimant can frequently handle, finger, and feel with the left upper extremity. The claimant can frequently operate foot controls with the bilateral lower extremities. The claimant can never climb ladders, ropes, or scaffolds, crouch, or crawl, and remains able to no more than occasionally climb ramps and stairs, balance, stoop, and kneel. The claimant can occasionally operate a motor vehicle. The claimant must avoid even moderate exposure to humidity/wetness, pulmonary irritants, temperature extremes, vibration, and hazards.
(Tr. 13.)

[3] The Commissioner employs a five-step process in determining disability. *See* 20 C.F.R. § 416.920(a)(4).

**I.     Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

**II.    Discussion**

Plaintiff argues that the ALJ erred in failing "to properly discuss whether there was a continuous period of 12 months where [Plaintiff] was unable to engage in substantial gainful activity."  (Doc. 25 at 6.)  Defendant responds that

3

Plaintiff has not met his burden of proving that his impairments prevented him from performing substantial gainful activity for at least twelve consecutive months. (Doc. 27.) The Court agrees with Plaintiff and remands this case for further proceedings.

In the administrative decision, the ALJ recited the definition of disability "as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." (Tr. 10.) She then stated that she had "considered the complete medical history consistent with [20 C.F.R. § 416.912]," even though SSI "is not payable prior to the month following the month in which the application was filed," 20 C.F.R. § 416.335. (Tr. 10.) Ultimately, the ALJ found that Plaintiff was not disabled since September 14, 2015, the date on which the SSI application was filed. (*Id.*)

Plaintiff argues that the ALJ erred by failing to consider whether he was entitled to a closed period of disability for any twelve-month period between 2015 and 2018.[4] In support of his position that his hip condition prevented him from

---

[4] "In a 'closed period' case, the decision maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision." *Pickett v. Bowen*, 833 F.2d 288, 289 n.1 (11th Cir. 1987); *see also Dounley v. Comm'r of Soc. Sec. Admin.*, No. 3:08-cv-1388-O (BH), 2009 WL 2208021, *8 (N.D. Tex. July 22, 2009) ("In closed period cases, 'the ALJ engages in the same decision-making process as in termination cases, that is, deciding whether (or, more aptly, when) the payments of benefits should be terminated.'"). "It is a fundamental principle in social security jurisprudence that a claimant does not need to have a *current* disability to qualify for benefits" and that "the disability inquiry must be

4

working even after undergoing left total hip replacement surgery on June 25, 2015, Plaintiff cites to his treatment records from:

- December 29, 2015 (showing, *inter alia*, persistent pain in Plaintiff's left hip and thigh and use of a rolling walker for ambulation);

- June 22, 2016 (showing continued left hip discomfort, an onset of right hip pain, and an inability to pursue outpatient physical therapy);

- August 29, 2016 (showing worsening symptoms with continued bilateral hip pain);

- September 23, 2016 (showing chronic bilateral hip pain; knees buckling; falling and losing balance on a regular basis; difficulty walking, sitting, and standing; use of a rolling walker; and an inability to bend, squat, and stoop);

- October 17, 2016 (showing continued hip pain, rated as a 10 on a scale of 0 to 10, and no physical therapy); and

- July 19, 2017 (showing, *inter alia*, hip pain rated as an 8 out of 10).

The ALJ discussed some of these treatment records in her decision, but ultimately found Plaintiff not disabled based on more recent records (including

---

made throughout the continuum that begins with the claimed onset date and ends with the hearing date, much as though the ALJ were evaluating a motion picture at every frame of that time period instead of the ALJ's evaluation of a snapshot taken on the date of the hearing." *Calhoun v. Colvin*, 959 F. Supp. 2d 1069, 1075 (N.D. Ill. 2013) (emphasis in original). Thus, a claimant "is entitled to benefits if he was disabled for *any consecutive 12 month period* between his onset date and the date of the [h]earing." *Id.* (emphasis in original).

5

Dr. Eniola Owi's May 9, 2018 consultative examination), which showed improvement in Plaintiff's hip condition, as well as Plaintiff's failure to complete outpatient physical therapy as recommended by his treating providers following completion of an extensive in-patient therapy program after his surgery. (*See* Tr. 14 ("The claimant has continued orthopedic treatment in [2018], but for complaints related to his right knee only. . . . The most recent progress notes from the claimant's orthopedist, which were shortly after Dr. Owi's examination, document improved right knee pain. . . . While the claimant may have required a walker or other assistance while recovering from hip surgery, there is no evidence of him requiring it since that time. . . . The claimant was noted to have a normal gait and station earlier in the current year (Exhibit 12F), and Dr. Owi then noted some limping but still opined he did not require any assistive device for ambulation (Exhibit 11F)."); *see also* Tr. 393, 408-09, 429, 437, 449-50, 459, 485-88.)

The ALJ's failure to address Plaintiff's claim of disability for any consecutive twelve-month period between the alleged onset date and the dates of the administrative hearings is an error requiring a remand, *see Calhoun*, 959 F. Supp. 2d at 1075, in light of the medical records supporting Plaintiff's claim of disabling hip symptoms persisting even after the date of his surgery. (*See, e.g.*, Tr. 418-19 (noting, as of October 28, 2015, moderate pain in the left hip and back; decreased range of motion, decreased strength, and tenderness in the left hip); Tr. 446-48 (noting, as of December 29, 2015, persistent pain in the left hip

6

and thigh rated as a 10 out of 10 and use of a rolling walker for ambulation); Tr. 442-44 (noting, as of June 22, 2016, bilateral hip pain rated as a 10 out of 10, mildly antalgic gait bilaterally, and use of a roller walker); Tr. 432-34 (noting, as of August 29, 2016, worsening bilateral hip symptoms, using a roller walker, mildly antalgic gait bilaterally, but reporting that physical therapy was scheduled to begin two days later on August 31, 2016); Tr. 435-39 (noting, as of September 23, 2016, Plaintiff's use of four-wheel rolling walker due to chronic bilateral hip pain; difficulty walking, sitting, and standing; an inability to bend, squat, and stoop; falling and losing balance on a regular basis); Tr. 429-31 (noting, as of October 17, 2016, Plaintiff's reported hip pain was a 10 out of 10 and he had knee pain, swelling, and tenderness); Tr. 459-62 (noting, as of April 27, 2017, moderate bilateral hip pain radiating down both legs, decreased range of motion and decreased strength of the bilateral hips); Tr. 467-72 (noting, as of June 27, 2017, pain in the bilateral hips and back, rated as an 8 out of 10; joint swelling; decreased range of motion and decreased strength of the bilateral hips); Tr. 422-27 (noting, as of July 19, 2017, a pain level of 8 on a scale of 0 to 10 in the left hip and antalgic gait); Tr. 475-79 (noting, as of August 29, 2017, hip pain; knee pain; back pain; arthralgias; joint swelling; decreased range of motion of the right knee; decreased range of motion, pain, tenderness, and spasm of the lower back; and the pain was rated as an 8 out of 10).) In light of these records, the ALJ's finding of absence of disability for any period since the date of the application "is arguably contrary to the evidence of record." *Reynoso v. Astrue,*

7

No. CV 10-04604-JEM, 2011 WL 2554210, *6 (C.D. Cal. June 27, 2011).

Further, the ALJ tried to minimize Plaintiff's complaints of disabling symptoms, which are well-documented in the record and are supported by objective examination findings, by pointing to Plaintiff's failure to follow treatment recommendations. However, the record is unclear as to what "treatment plans" Plaintiff allegedly failed to follow. (Tr. 459; *cf.* Tr. 475 (noting that Plaintiff was compliant with treatment plans).) To the extent it was the emergency room doctors' recommendation to see an orthopedic surgeon *prior to* Plaintiff's left total hip replacement surgery, Plaintiff actually complied with this recommendation by undergoing surgery on June 25, 2015. To the extent it was the recommendation to undergo outpatient physical therapy, Plaintiff was actually evaluated for therapy, but seemed to have issues with his insurance, which the ALJ failed to consider. (*See* Tr. 381 ("Unable to get [appointment] with orthopedic [medical doctor] related to insurance."); Tr. 421 (noting that Plaintiff's Medicare plan became effective November 5, 2015, or over four months after his surgery); Tr. 439 (noting that Plaintiff needed to follow-up regarding insurance pre-authorization for his physical therapy); Tr. 440.)

As such, "[t]here is evidence in the record that may support a closed period of disability lasting 12 months," but the ALJ failed to consider or discuss Plaintiff's potential entitlement to a closed period of disability. *Reynoso*, 2011 WL 2554210 at *7. As such, the ALJ's decision is due to be reversed and remanded for further proceedings to address this issue.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to the ALJ to specifically evaluate whether Plaintiff was disabled for any consecutive twelve-month period.

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close the file.

3. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No.: 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on September 21, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record